## UNITED STATED DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case NO.:

**THERESA LEWIS,**
     Plaintiff,

V.

**STEWARD MEDICAL GROUP, INC.,**
     Defendant.

_____

### COMPLAINT
(Jury Trial Demanded)

Plaintiff, THERESA LEWIS, sues the Defendant, STEWARD MEDICAL GROUP, INC., and as grounds alleges:

### PARTIES

1. Plaintiff, THERESA LEWIS ("LEWIS"), is a female citizen of the United States and a resident of Palm Beach County, Florida. Plaintiff is of African American race, ethnicity, and ancestry.

2. Defendant, STEWARD MEDICAL GROUP, INC. ("STEWARD MEDICAL"), is a Massachusetts corporation licensed and operating throughout the Southern District of Florida and particularly in Miami-Dade and Broward counties.

### JURISDICTION AND VENUE

3. This is an action arising under 28 United States Code §1981, and under the common and statutory laws of Florida.

4. The Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 as this action arises under federal law and federal laws pertaining to civil rights.

5. This Court also has supplemental jurisdiction over the claims arising under Florida law, namely §448.08, Florida Statutes.

6. As set forth, STEWARD MEDICAL conducts operations in the Southern District of Florida and therefore, venue is proper in this district.

### GENERAL ALLEGATIONS

7. Plaintiff was a director of operations since 2019 at STEWARD's predecessor corporation, and was as such, one of four senior leaders at STEWARD since August, 2021 when STEWARD assumed control of her business unit.

8. Of the four senior leaders, all of whom had the same responsibilities, were two white men and two African American women. The other African American woman was Tiana Blount.  Michael Davis and Brian DeBarge were Caucasian males.

9. LEWIS held the following degrees:

   a. Masters, Healthcare Administration

   b. Masters, Social Work

   c. Bachelors, Healthcare Administration

10. Tiana Blount held the following degrees:

    a. Masters, Health Administration

    b. Bachelors, Hospital Administration and Long-term Care Administration

11. Michael Davis held the following degrees:

    a. Masters, Business Administration, Health Sector Management

    b.  Masters, Public Health, Health Services

    c.  Bachelor of Arts, Biology

12. Brian DeBarge held no degrees.

13. When STEWARD MEDICAL took over in August 2021, Davis was demoted and reassigned the lesser duties held by LEWIS, Blount, and DeBarge.  DAVIS was given a higher title and allowed to keep his existing pay, but his duties were the same as the other three.

14. On October 11, 2021, LEWIS and Blount were let go in a reduction in force. The two white men were retained.

15. Plaintiff was clearly more qualified than DeBarge, and had more seniority than Davis, if seniority was a factor in the selection process.

16. Plaintiff will file a charge with the EEOC asserting gender discrimination to be joined with this claim and will seek to amend her Complaint.

## COUNT I

*Violation of §1981 (Race Discrimination)*

17. Plaintiff re-adopts and re-alleges ¶ 1-16 above as if fully set forth herein.

18. LEWIS was terminated because of her race in that she was subjected to discrimination when the Defendant retained two lesser qualified white men.

19. As a direct, natural, foreseeable, and proximate result of the actions and inactions of the Defendant, by and through the actions and inactions of its managerial personnel, Plaintiff has suffered injuries and losses including a violation of her statutory rights, pain and suffering and extreme emotional stress, and the loss of ability to lead a normal life, all of

which injuries and losses are continuing and permanent in nature.

WHEREFORE, Plaintiff prays for the following relief:

a. Entry of a judgment for restitutionary, compensatory, and liquidated damages, including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life. Order the reinstatement of Plaintiff which will include full back pay and benefits, or in lieu of resolution, award front pay;

b. Award Plaintiff her costs in this action, including reasonable attorney's fees and expert fees as provided by 42 USC §1988; and

c. Any other equitable relief deemed appropriate by this Court.

## COUNT II

*(Violation of Chapter 448.08, Florida Statutes)*

20. Plaintiff re-adopts and re-alleges ¶ 1-16 above as if fully set forth herein.

21. The Defendant has refused to pay wages, consisting of PTO and unreimbursed business expenses in violation of Chapter 448, Florida Statutes.

22. The amount now due and owing is five-thousand, four-hundred and fifty dollars, or $5,450.00, in PTO and four-hundred and four dollars and ninety-five cents, or $404.95, in unpaid expenses.

WHEREFORE, Plaintiff prays for the following relief:

a.  Entry of a judgment for unpaid wages in the amount of five-thousand, eight-hundred, fifty-five dollars and thirty-four cents, or $5,855.34.

b.  Award Plaintiff her costs in this action, including reasonable attorney's fees and expert fees as provided by §448.-8, Florida Statutes; and

c.  Any other equitable relief deemed appropriate by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

**DATED NOVEMBER 11, 2021**

BY: _/s/ G. Ware Cornell, Jr._
G. Ware Cornell, Jr
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
_Counsel for Plaintiff_
2645 Executive Park Drive
Weston, Fla. 33331
Tel: (954) 618-1041